The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATION
The date of any alleged injury by accident is 23 March 1994.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. In calendar year 1993 plaintiff worked for defendant-employer as a sub-contractor. On 14 July 1993 plaintiff signed a sub-contractor's waiver of workers' compensation coverage. Defendant-employer's policy of workers' compensation insurance with the current defendant insurance carrier became effective on 12 August 1993. Plaintiff signed another waiver on 13 August 1993. On this waiver, plaintiff was notified of the period during which the waiver would be effective, which would be from 12 August 1993 through 12 August 1994. Defendant insurance carrier sent defendant-employer an endorsement to the policy dated 6 September 1993 in which the plaintiff was listed as a person who would not be covered by the policy. Plaintiff had no employees, and plaintiff was aware that by signing the waiver he would not be covered by defendant-employer's workers' compensation insurance policy with the defendant insurance carrier.
2. Plaintiff began working for defendant-employer as a sub-contractor in January 1993, eight months before the defendant-employer's workers' compensation insurance policy became effective with defendant insurance carrier. Between January 1993 and August 1993 plaintiff did not work for any other persons, and following August 1993 (while the current policy was in effect) plaintiff continued to work only for defendant-employer.
3. Plaintiff claims that in September 1993 his relationship with the defendant-employer changed, in that plaintiff became an employee of the defendant-employer, rather than a sub-contractor. In March 1994 plaintiff fell from a roof and sustained a serious injury. At the time of this injury, plaintiff did not have any health insurance. Plaintiff filed a claim under defendant-employer's workers' compensation policy with the defendant insurance carrier.
4. The undersigned finds that the relationship between plaintiff and defendant-employer did not change during the effective term of defendant insurance carrier's workers' compensation policy and that plaintiff worked for defendant-employer as a sub-contractor throughout the term of the defendant insurance carrier's workers' compensation insurance policy. Testimony to the contrary is not accepted as credible. This finding is based, in part, on the following:
 a. From January 1993 to September 1993 plaintiff worked only for defendant-employer. Therefore, this is not a situation where plaintiff worked as a sub-contractor for several employers, but in September 1993 began to work exclusively for the defendant-employer.
 b. Before September 1993 plaintiff was paid by defendant-employer from checks drawn on the defendant-employer's general account, not from his payroll account. Each check had a notation that the payment was for "contractor labor." After September 1993 this same method of payment was continued without change.
 c. Before September 1993 plaintiff was paid wages by the hours worked and the amount of payment varied. After September 1993 plaintiff continued to be paid by the hour and the amounts are very similar to the amounts he was paid before September 1993. There is no indication that after September 1993 plaintiff was paid a "salary" or that his hours at work significantly changed.
 d. Before September 1993 defendant-employer did not withhold taxes or social security from plaintiff's wages. Defendant-employer had employees for whom he did withhold taxes and social security. After September 1993 defendant-employer continued to pay plaintiff without withholding taxes or social security, indicating that he continued to treat plaintiff as a sub-contractor.
 e. In his income tax returns for 1993, plaintiff completed a Profit and Loss for Business Schedule (Schedule C to IRS Form 1040) and a Self-Employment Tax Schedule (Schedule SE to IRS Form 1040). On the schedules plaintiff reported all income from the defendant-employer for calendar year 1993, indicating that he knew he was a sub-contractor for the entire year and that his relationship with defendant-employer did not change during the year.
 f. Defendant-employer sent plaintiff an IRS Form 1099 to report his income for all of 1993, rather than an IRS Form W-2, indicating that defendant-employer was treating plaintiff as a sub-contractor for the entire year and that defendant-employer did not consider their relationship to have changed during the year (by reporting pre-September income in Form 1099 and post-September on Form W-2).
 g. Defendant-employer received a second endorsement to the insurance policy on or about 4 March 1994 which again listed plaintiff as an exempt sub-contractor (although this was actually the fourth endorsement to the policy). This endorsement was received about six months after the alleged employment relationship began, but neither defendant-employer nor plaintiff took any steps to notify the defendant insurance carrier that the endorsement was in error.
 h. Plaintiff's job duties and his degree of supervision remained substantially the same both before and after September 1993.
The only evidence that there was a change in the business relationship between the plaintiff and the defendant-employer is their testimony. The parties had a strong interest in the outcome of the case because plaintiff had no insurance to cover his medical costs or any disability benefits. The parties' course of conduct following September 1993 does not support their contention that their relationship changed in any way.
5. The insurance policy for workers' compensation between defendant-employer and defendant insurance carrier included a provision that the defendant-employer would reimburse the defendant insurance carrier for any payments made to persons listed in the endorsement to the policy as persons not covered by the insurance policy.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. On 23 March 1994 plaintiff was a sub-contractor, with no employees, who knowingly waived his right to coverage from the defendant-employer for workers' compensation. Plaintiff's relationship with the defendant-employer did not change from that of a sub-contractor to that of an employee at any time during the coverage period between the defendant-employer and the defendant insurance carrier; therefore, plaintiff is not entitled to any compensation pursuant to the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-19.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
This the __________ day of ________________________, 1995.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________ J. RANDOLPH WARD COMMISSIONER
S/ _____________ MARY HOAG COMMISSIONER
JHB/nwm 06/05/95